## LEVI B. VILAS, Appellant, *vs.* LEONARD J. FARWELL, Administrator of EDWARD FISHER.

APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard September 23.]            [Decided November 9, 1859.

### *Association—Partnership—Assignment.*

Where F. in his lifetime had signed articles of association, and died before payment of the amount subscribed, and after his death the survivors sold the property, real and personal, of the association, and all demands and claims due the same : held that the shares originally agreed to be paid did not pass by this sale, and an action would not lie against the administrator of F. for the amount due on such subscription.

Shares in an association may be adjusted on account between the survivors and the representatives of a deceased partner ; but an unpaid balance of subscription cannot be transferred by the survivors, so that their assignee can maintain an action thereon against the representatives.

The death of one of several partners works a dissolution of the partnership.

This was an action brought to the circuit court by an appeal from an order of the county court in probate, refusing to allow the account of the appellant against the estate of Edward Fisher, deceased. An issue was formed under the direction of the circuit court by the service of a complaint against Farwell, the administrator of Fisher, charging that in the lifetime of Fisher he and twenty-five others entered into articles of association to build a hotel as follows :

" We, the subscribers hereto, agree to form ourselves into a joint stock company for the purpose of purchasing a site, and the erection of a public house or hotel, in the village of Madison, and that we will incorporate said company under the provisions of an act approved February 9th, 1850 ; provided the said act shall be applicable, upon the following or a similar basis, viz : The stock of said company shall be twenty thousand dollars, to be divided into shares of $100 each, and that as soon as $10,000 is subscribed, we will meet by general understanding and agreement, and adopt a constitution, by-laws, and such regulations as may appear necessary to

Vilas vs. Farwell.

carry out the objects of this association. We further agree that we will take the amount set opposite our respective names, of the capital stock of said company, and also, that in all meetings and upon all questions, every share of $100 shall be entitled to one vote.

" Madison, April 27th, 1852."

This agreement was signed by Fisher for $500, by Vilas for $1000, and by Farwell for $2,000. The other members signing for from $100 to $1000 each. On the 12th of May the subscribers met, and having determined that the provisions of the act were not applicable to the objects and purposes of the agreement, adopted certain articles of association, to wit: a constitution and by-laws, whereby they formed themselves into an association, or co-partnership, for the purposes set forth in said agreement, and in furtherance thereof, by the name and style of "The Madison Hotel Company," and then and there duly elected and chose, as the officers of said company, under said articles of association, a president, secretary, treasurer and executive committee; whereby the association became organized pursuant to the original agreement.

That the capital stock was fixed at $20,000, of which Fisher had $500, and was entitled to five votes. That the executive committee was to manage the affairs of the company, and that the members were to pay to the treasurer the assessments which should be made upon them. That the association purchased a site for their building, commenced work, and spent several thousand dollars; that on the 15th of May an assessment of 25 per cent. was made on the stockholders; that on the 27th of July Fisher died and Farwell was appointed in due time his administrator. Other assessments were made, upon the stockholders; that on the first day of June, 1853, the Madison Hotel Company, for value received, sold, assigned, transferred and conveyed to this appellant, all the real and personal property belonging to the association, and all demands and claims due the same, with the right to enforce them at his own risk and cost; that Fisher never paid any of the assessments, but that the shares subscribed by Fisher were due. Vilas claimed the amounts with interest, from the dates of the assessments, &c.

To this complaint the administrator filed a general demurrer, which was sustained by the circuit court; and from that judgment this appeal is taken.

*Wakeley & Tenney,* for the appellant.

*C. Abbott,* for the respondent.

Vilas vs. Farwell.

*By the Court,* PAINE, J.   Without determining in this case whether the complaint sets forth enough to show that Fisher ever became legally bound as a member of the joint stock company, of which there is much doubt, we think the judgment must be affirmed for the following reasons:

It appears from the complaint that if there was any liability at all as between the parties to the undertaking, it was that of a partner.   Fisher died, which worked a dissolution of the partnership; and after his death the survivors sold the property, real and personal, of the association, and " all demands and claims due the same," to the plaintiff.   There is no question as to creditors in the case.   And that being so, we think that the shares which the partners had originally agreed to pay in, is not such a claim or demand due the firm, as would pass on a sale by the survivors of the partnership property, including claims and demands due.   Such a share unpaid, or any part of it, would be a matter to be adjusted upon an account between the survivors and the representatives of the deceased; but does not, in our opinion, constitute such a claim as can be transferred by the survivors, so as to enable the assignee to maintain an action for such unpaid share, independent of such an accounting.